

**U.S. Department of Justice**

United States Attorney

District of Connecticut

| | |
|---|---|
| *Connecticut Financial Center* | *Telephone: (203)821-3700* |
| *157 Church Street, Floor 25* | *Fax: (203) 773-5376* |
| *New Haven, Connecticut  06510* | |

February 18, 2015

Francis O'Reilly, Esq.
O'Reilly & Shaw
167 Old Post Road
Southport, CT 06890

United States District Court
District of Connecticut
FILED AT    NEW HAVEN
Feb. 18, 2015
Roberta D. Tabota, Clerk
By P. a. Villard
Deputy Clerk

>    Re:    **United States v. Sheena Dume**
>            **Criminal No. 3:14CR160 (JBA)**

Dear Attorney O'Reilly:

This letter confirms the plea agreement between your client, Sheena Dume (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to plead guilty to each count of a six-count indictment charging her in Count One with Conspiracy to Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1594(c), and in Counts Two-Six with Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and (b). She understands that, to be guilty of these offenses, the following essential elements of the offenses must be satisfied:

Count One (Conspiracy to Commit Sex Trafficking of a Minor)

1. That two or more persons entered into an unlawful agreement to commit sex trafficking of a minor, as described in the Indictment; and
2. That the defendant knowingly and willfully became a member of this conspiracy

Counts Two-Six (Sex Trafficking of a Minor)

1. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person;

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 2*

2. The defendant knew or was in reckless disregard of the fact that the person was less than eighteen years of age, or had a reasonable opportunity to observe that person;
3. The defendant knew, or was in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act; and
4. The recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining was in or affecting interstate commerce.

## THE PENALTIES

The defendant's conviction on Count One carries a maximum penalty of life imprisonment. The defendant's convictions on Counts Two-Six each carry a maximum penalty of life imprisonment and a mandatory minimum penalty of ten years imprisonment. Each count of conviction carries a maximum $250,000 fine. Moreover, any sentence of incarceration under these provisions also must include a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant understands that, should she violate any condition of the supervised release, she may be required to serve a further term of imprisonment of up to five years per violation with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of imprisonment of not less than five years. 18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $600. The defendant agrees to pay the special assessment on or before the date of sentencing unless she establishes an inability to pay on or before the date of sentencing through the financial disclosure to the Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or

restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. §§ 3663A, 2259, and 1593, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of 18 U.S.C. §§ 3663A, 2259, and 1593. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution and Second Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty pleas if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter pleas of guilty. The defendant expressly

understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her pleas of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her pleas of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's convictions under Counts Two-Six each involve separate minor victims, specifically Minor Victim ("MV")-1, MV-2, MV-3, MV-4, and MV-5 (collectively the "minor victims"). Under U.S.S.G. §§ 2G1.3(d)(1) n.6 and 3D1.2, each count is treated as a separate group. Thus there are five groups, as follows:

Group 1 (MV-5) (Count Six): The defendant's base offense level under U.S.S.G. § 2G1.3(a)(2) is 30. That level is increased by 2 because a participant in the crime unduly influenced a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2). That level is further increased by 2 because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a

person to engage in prohibited sexual conduct with a minor. U.S.S.G. § 2G1.3(b)(3)(B). That level is further increased by 2 because the offense involved the commission of a sex act or sexual contact. U.S.S.G. § 2G1.3(b)(4)(A).   The total offense level for Group 1 is therefore 36.

Group 2 (MV-2) (Count Three): The defendant's base offense level under U.S.S.G. § 2G1.3(a)(2) is 30. That level is increased by 2 because a participant in the crime unduly influenced a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2). That level is further increased by 2 because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. U.S.S.G. § 2G1.3(b)(3)(B). The total offense level for Group 2 is therefore 34.

Group 3 (MV-4) (Count Five): The defendant's base offense level under U.S.S.G. § 2G1.3(a)(2) is 30. That level is increased by 2 because a participant in the crime unduly influenced a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2). That level is further increased by 2 because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. U.S.S.G. § 2G1.3(b)(3)(B). The total offense level for Group 3 is therefore 34.

Group 4 (MV-1) (Count Two): The defendant's base offense level under U.S.S.G. § 2G1.3(a)(2) is 30. That level is further increased by 2 because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. U.S.S.G. § 2G1.3(b)(3)(B). The total offense level for Group 4 is therefore 32.

Group 5 (MV-3) (Count Four): The defendant's base offense level under U.S.S.G. § 2G1.3(a)(2) is 30. That level is further increased by 2 because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor. U.S.S.G. § 2G1.3(b)(3)(B). The total offense level for Group 5 is therefore 32.

The Group with the highest offense level is Group 1, with an offense level of 36. Each of the other four Groups are within 1-4 levels less serious than Group 1, and therefore there are a total of 5 Units. Five Units increases the highest offense level by 4, resulting in a combined offense level of 40. U.S.S.G. § 3D1.4.

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 37.

The defendant's conviction under Count One, Conspiracy to Commit Sex Trafficking of Minors, involves the same five minor victims as in the substantive counts. Under  U.S.S.G. § 3D1.2, the conspiracy conviction is treated as if the

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 6*

defendant is guilty of five counts of conspiracy, one per victim, and these five different counts are not grouped together. The calculation for each of these conspiracies is identical to the calculation for the substantive counts, and these conspiracies are grouped with their respective substantive counts, resulting in no effect on the above-referenced offense level.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 37, assuming a Criminal History Category I, would result in a range of 210 to 262 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3). Under the Guidelines, the defendant also is subject to a supervised release term of at least five years and as much as life. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the pleas of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction and sentence. The defendant agrees not to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will she pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 262 months of imprisonment, a life term of supervised release, a $600 special assessment, a $200,000 fine, and restitution in an amount to be determined by the sentencing Court, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 7*

defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that she is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Pleas

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives and gives up those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 8*

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from these pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without

regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that she has been advised and understands that she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout her life. The defendant understands that pursuant to these requirements, she must register and keep the registration current in each of the following jurisdictions: where she resides; where she is an employee; and where she is a student. She understands that the requirements for registration include providing her name, her residence address, and the names and addresses of any places where she is or will be an employee or a student, among other information. She further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status. The defendant has been advised, and understands, that she will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If she resides in Connecticut following release from prison, she will be subject to the registration requirements of Conn. Gen. Stat. § 54-253. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides,

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 10*

is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update her registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the conduct that forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw her pleas of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID E. NOVICK
MARC H. SILVERMAN
ASSISTANT U.S. ATTORNEYS

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 11*

      The defendant certifies that she has read this plea agreement letter and its attachments, that she has had ample time to discuss this agreement and its attachments with counsel and that she fully understands and accepts its terms.

_____      2/18/15
SHEENA DUME             Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

_____      2/18/15
FRANCIS O'REILLY, ESQ.     Date
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A.  The order of restitution may include:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I)  the value of the property on the date of the damage, loss, or destruction; or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 13*

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 14*

## SECOND RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)   medical services relating to physical, psychiatric, or psychological care;

(B)   physical and occupational therapy or rehabilitation;

(C)   necessary transportation, temporary housing, and child care expenses;

(D)   lost income;

(E)   attorneys' fees, as well as other costs incurred; and

(F)   any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e).  Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  18 U.S.C. § 3614.  The Court may also order that the defendant give notice to any identifiable victim(s) of her offense under 18 U.S.C. § 3555.  Finally, the order of restitution has the effect of a civil judgment against the defendant.

*February 18, 2015, letter to Francis O'Reilly, Esq.*
*Page 15*

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.   The defendant shall participate in appropriate mental health treatment, either inpatient or outpatient, as directed by the Court.  The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on her ability to pay, in an amount to be determined by the United States Probation Office;

2.   The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[1] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

3.   The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

4.   The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

5.   The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

6.   The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

7.   The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

---

[1] *See United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004).