UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

THE UNITED STATES OF AMERICA,

                        Plaintiff,                Criminal Action Number:
                                                        3:14 CR 160-2 (JBA)

vs.

SHEENA DUME,

                        Defendant.

---

# DEFENDANT SENTENCING MEMORANDUM

 

Deveraux L. Cannick
**Aiello & Cannick**
*Attorneys for Defendant, Sheena Dume*
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444

Darnell D. Crosland
*Attorney for Defendant, Sheena Dume*
777 Summer Street, Suite 403
Stamford, Connecticut, 06901
(203) 921-1782

1

We represent the defendant, Sheena Dume in the above-referenced matter. She is scheduled to be sentenced on March 8th, 2016 pursuant to her guilty plea.

### *OBJECTIONS TO PRE-SENTENCE REPORT*

We do not have any objections to the Pre-sentence Report. However, we do wish to provide certain information that Probation was awaiting. Specifically, in Item #152 Probation indicated that it had not yet received records supporting Ms. Dume's representation that she had completed her high school diploma. Please see Exhibit A1 (State of Connecticut, Department of Education Congratulations Letter); Exhibit A2 (State of Connecticut, Department of Education GED Official Transcript of GED Test Results and A3 (State of Connecticut High School Diploma).

Likewise, verification was pending regarding Item #153, please see Exhibits B1 and B2.

### *SENTENCING*

In this post Booker era, the challenge of the sentencing court is to mete out a sentence that is sufficient but not greater than necessary. It is our considered view that a non-guideline sentence is sufficient but not greater than necessary to satisfy the ends of justice here. Given Ms. Dume's 3553(a) factors coupled with her substantial assistance to the Government, we submit that a non-guideline sentence of time served is sufficient but not greater than necessary.

In *Gall v. United States*, 552 U.S. 38, 49-50 (2007), the Supreme Court held that the guidelines provide a starting point for a reasonable sentence, however, a sentencing court "must

2

make an individualized assessment based on the facts presented." The Court also stated that the sentencing court cannot "presume that the Guidelines range is reasonable." *Id.* As a result, the sentencing court can use the advisory guidelines to create an appropriate sentence after considering the factors enumerated in 18 U.S.C. § 3553(a). That appropriate sentence may be outside the guidelines range as long as the "justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### *THE APPROPRIATE SENTENCE*

In fashioning the appropriate sentence, the Court's challenge is to mete out a sentence that is "sufficient but not greater than necessary". In doing so, the Court must consider the total bent of Sheena Dume's life. Again, it is our considered view that a non-guideline sentence here is sufficient but not greater than necessary.

### *18 U.S.C. § 3553(a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE*

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

    a) The nature and circumstances of the offense.

Ms. Dume acknowledged and continues to appreciate that she was involved in criminal conduct which was serious and presented great harm to society, especially to the young ladies here. Sheena knows that there must be consequences for her actions. She is keenly aware that her poor judgment exposes her to the possibility of continued incarceration. She is embarrassed by her conduct and is of extreme remorse. She understands fully the trauma that will

3

haunt these young ladies. Her prayer is not only for their forgiveness but more importantly that they be healed.

In *Gall v. United States*, 552 U.S. 38, 49-50 (2007), the Supreme Court held that the guidelines provide a starting point for a reasonable sentence, however, a sentencing court "must make an individualized assessment based on the facts presented." The Court also stated that the sentencing court cannot "presume that the Guidelines range is reasonable." *Id.* As a result, the sentencing court can use the advisory guidelines to create an appropriate sentence after considering the factors enumerated in 18 U.S.C. § 3553(a). That appropriate sentence may be outside the guidelines range as long as the "justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

    b)    The history and characteristics of the defendant.

The Probation Report well documents Sheena's life. However, we will highlight a few items that we believe contributed mightily on how or why Sheena finds herself here.

Sheena is approximately 23 ½ years old. She is the product of an intact family. She was raised in a working class environment. Her parents are first generation Haitians. Sheena holds a GED diploma. She has worked since the age of fourteen (14).

Sheena too was the victim of sexual abuse and sex trafficking of a minor. When she was fifteen (15) years old, she ran away or absconded numerous times to be with a pimp by the name of Timothy Armstrong. Her parents filed numerous police reports in an effort to find her and have

4

Armstrong dealt with by the police. In fact, they filed five missing person reports with the City of Stamford Police Department in the year of 2008. These reports date back to February 12th, 2008 through October 11th, 2008 (See Exhibits C1 through C5). On a couple of occasions, they tracked her back to North Carolina where Armstrong had her performing prostitution. Eventually Sheena's parents were able to free her and had her return to school. Notwithstanding this exposure, she then continued her education and worked throughout the bulk of her school years.

It was at one of her jobs where she first met her co-defendant Wellington Brown. She was the front desk receptionist at a local hotel where Brown was prostituting several minor girls. Shortly afterwards she joined Brown's criminal activities. From the very outset of her relationship with Brown, Sheena's mother was extremely concerned and fearful for her safety. Thus, she filed two police reports with the Greenwich Police Department on August 31st, 2011 (See Exhibit D1 & D2).

Sheena Dume is not your typical minor sex trafficker/pimp or "bottom". While we do not have the psychological analysis to support our contention, we are convinced that the ordeal of her youth contributed mightily to her involvement in the instant offense. She never received a counseling, therapy of mental health treatment to address the trauma of her exposure to prostitution under Armstrong. We are aware that she has received treatment while in BOP's custody for PTSD (See ¶ 145). Although she does not offer any excuses for her conduct, we contend that her ordeal is a factor that should be given significant consideration by the Court.

We believe that she was taken advantage of by her co-defendant. Certainly he subjected her to severe physical, psychological and emotional abuse (See ¶ 146). We are in no way attempting to minimize Sheena's conduct; however, again we believe that these are significant items for Your Honor's consideration.

2. The need for the sentence imposed. 18 U.S.C. § 3553(a)(2).

a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

Sheena has been incarcerated on the instant offense for the past nineteen (19) months. She is keenly aware of the seriousness of her conduct. She has expressed her sincerest contrition and has taken substantial steps to becoming a better and stronger person. At the outset of our representation, she advised us that being in jail has given her a sort of peace because she was away from Brown's reach. She also requested that we as well as her family explore the possibility of her entering a program that would afford therapeutic treatment for young ladies who underwent situations such as hers.

During the nineteen (19) months of Sheena's incarceration, she has had two (2) disciplinary infractions (¶ 5) and achieved certificates in Anger Management, Substance Abuse and Domestic Violence.

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court affirmed a downward variance based upon post offense rehabilitation. Courts have held that a variance or a downward departure based upon post offense rehabilitation can be sufficient to meet the goals of sentencing: deterrence, incapacitation, and rehabilitation. *United States v. Cornielle*, 171 F.3d 748 (2d Cir. 1999) (held that defendant's successful effort to rehabilitate himself by his own actions removed the case from the heartland of the more typical cases); *United States v. Boltz,* 88 F. App'x 471 (2d. Cir. 2004) (holding that defendant's rehabilitative efforts can in an appropriate case warrant a downward departure); *United States v. Clay*, 483 F.3d 739 (11th Cir. 2007) (affirming a downward variance 128 months below the guideline range based upon post-offense rehabilitation); *United States v. Hairston*, 502 F.3d 378 (6th Cir. 2007) (finding that a 50% downward variance was reasonable in light of a defendant's exceptional post-arrest rehabilitation).

In *United States v. Ngatia*, 477 F.3d 496 (7th Cir. 2007), the Court affirmed the sentence of a defendant who participated in a wide ranging narcotics conspiracy, recruiting others to work for her to distribute narcotics. The Court held that the non-Guidelines sentence of 84 months below the Guideline range of 188 to 235 month was warranted because of her post offense rehabilitation that took place in jail; specifically noting that she had taken every course offered to her in the Metropolitan Correctional Center and received certificates of completion. *Id.* at 501.

      b)      To afford adequate deterrence to criminal conduct.

As noted above, Ms. Dume fully appreciates the consequences of her conduct. She does not express remorse because she was caught. Rather she expresses remorse because of the impact that her arrest and subsequent conviction has had and will continue to have on her family, as well as herself. As mentioned previously, she has found therapy in her arrest and incarceration.

She has come to realize that she is in need of substantial psychological therapy and healing. She shudders by the thought that she played a role in inflicting extreme trauma upon the lives of the victims here. Given her ordeal, she has a vivid view as to their pain and suffering. The fact that she too has been similarly victimized and clearly appreciates the harm is a tremendous deterrent for her.

    (c)    To protect the public from further crimes of the defendant.

There is no reason to believe that a non-guidelines sentence will not meet the requirement of this sentencing factor. Again, we contend that Sheena's involvement here was partly due to her victimization when she was a minor. She is making significant steps in turning her life around.

    d)    To provide the defendant with the needed education or vocational training, medical care, or other correction treatment in the most effective manner.

Sheena is 23 ½ years old. Notwithstanding her offense, she has a demonstrated work history. During the period after her parents got her away from Armstrong, she returned to high school and ultimately got her GED. Moreover, she worked legitimate jobs from age fourteen (14) onwards. While in jail, she has tried to address her issue with narcotics. Additionally, she has actively sought mental health treatment. She also believes that she would benefit mightily from a psycho-sexual analysis. All of these services and more are available to her on the outside world. It is significant to note that Sheena has been extremely pro-active in requesting these services or therapy.

3.      The kinds of sentences available. 18 U.S.C. § 3553(a)(3).

The United States Court of Appeals for the Second Circuit stated in *United States v. Jones*, 460 F.3d 191, 194, that "[w]ith the entire Guidelines scheme rendered advisory by the Supreme Court in *Booker*, the Guidelines limitations on the use of factors to permit departures are no more binding on sentencing judges than the calculated Guidelines ranges themselves."

The Court then stated that "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's sense of what is a fair and just sentence under all circumstances." *Id.* at 194. Thus, while the Court must make a determination that takes the Guidelines into account, the Court must also look at the facts and circumstances of Ms. Dume's particular set of circumstances and fashion a reasonable sentence that is individualized.

The fourth, fifth, sixth and seventh factors require that the Court consider the sentencing guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution.

## *CONCLUSION*

Sheena Dume has begun to take steps to rebuild her life. Her participation in the aforementioned BOP programs is a testament to that. She understands that she needs substantial help in working through the demons of her past. To her credit, she has been extremely upfront in asking for help. Her incarceration has given her a greater appreciation of her family and support

system. She has a demonstrated work ethic and an intellectual capacity to become a productive member of society. She is only 23 ½ years old and now must re-invent herself. She has the capacity to do so. She appreciates that to achieve these goals she has to use all of the resources available to her. Her family has a steep leaning towards religion. She belies that they will naturally assist in reclaiming her moral compass. She wants to reclaim her life that her family desperately tried to afford her. She begs Your Honor to show her mercy so that she can get on about being the best that she can possibly be. She begs Your Honor for time served.

Thank you for your consideration.

By: *[signature]*
Deveraux L. Cannick, Esq.
*Attorney for Defendant, Sheena Dume*
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
(718) 426-0444

*[signature]*
Darnell D. Crosland
*Attorney for Defendant, Sheena Dume*
777 Summer Street, Suite 403
Stamford, Connecticut, 06901
(203) 921-1782